### WILLIAM PUGH *v.* LEANDER YORK.

APT time sometimes depends upon *lapse* of time, as where a thing is required to be done at the first term, or within a given time, it cannot be done afterwards.  But it more usually refers to the *order* of proceeding, as *fit* or *suitable*.

*Hence*, where a defendant filed a petition for a *recordari*, to remove a case from a Justice's to the Superior Court, and during the pendency thereof, and before motion in the Superior Court to place the case upon the trial docket, the defendant obtained his discharge in bankruptcy: *Held*, that the defendant had not been guilty of laches because two years had elapsed since his discharge, before making said motion and praying to be allowed to plead such discharge.

No time is prescribed within which a discharge in bankruprcy is to be pleaded.  If it is done in proper *order*, it makes no difference whether the time be long or short.

This was a CIVIL ACTION, originally commenced in a Court of Justice of the Peace, and brought by writ of *recordari*,

to the Superior Court of RANDOLPH county, where it was heard at Spring Term, 1875, before his Honor, *Kerr, J.*

The facts pertinent to the points raised and decided in this court, are fully stated in the opinion of Justice READE.

From the refusal of his Honor to place the case on the trial docket, the defendant appealed.

*Mendenhall & Staples, Tourgee & Gregory*, for appellant. *Scott & Caldwell*, contra.

READE, J. The plaintiff had obtained judgment against the defendant before a Justice of the Peace. The defendant had filed a petition for a writ of *recordari* to take the case up to the Superior Court. While that petition was pending, and before the Superior Court had determined whether it should be put upon the trial docket, the defendant was declared a bankrupt, and received his discharge.

At Spring Term of the Superior Court, 1875, the defendant moved to have the case put upon the trial docket, and offered to plead his discharge in bankruptcy. His Honor refused to put it upon the trial docket, upon the ground that the defendant had been guilty of laches in not appealing, and refused to allow the defendant to plead his discharge in bankruptcy, because it was not offered in apt time. And in this we think his Honor was mistaken.

*Apt* time sometimes depends upon *lapse* of time, as when a thing is required to be done at the first term, or within a given time, it cannot be done afterwards. But it more usually refers to the *order* of proceeding, as *fit* or *suitable* time.

No time is prescribed within which a discharge in bankruptcy is to be pleaded.

When anything is done in the proper *order*, then whether the time is long or short, makes no difference. Now, in this case, the very first step taken after the defendant was discharged, was a motion to docket, and to be allowed to plead

the discharge.   That was in apt time, although it was a long time—some two years—after the discharge.   Why no steps had been taken during these two years, by either of the parties—by the plaintiff to dismiss, or by the defendant to have put upon the trial docket—does not appear; nor is it important.   There the case stood upon the docket, continued from term to term, until Spring Term, 1875, when the defendant moved to docket and to plead his discharge.   At an earlier *time* he might have moved, but at no earlier *stage* of the proceedings.   No step backwards was taken.

There is error.   This will be certified.

PER CURIAM.                              Judgment accordingly.